BARRETT *v.* SWISHER.

1. DEEDS—MENTAL COMPETENCY—EVIDENCE—QUESTION OF FACT.
    In guardian's suit to set aside deed executed by elderly grantor,
    evidence presented issues of fact as to whether deed of her
    home to stepson was executed by her while mentally incom-
    petent and whether or not it was procured under such cir-
    cumstances that it should be cancelled.

2. SAME—TEST OF GRANTOR'S MENTAL CAPACITY.
    The test of whether a grantor in a deed has the mental ca-
    pacity to execute it is whether she could understand the
    business in which she was engaged, knew and understood
    the extent and value of her property and how she wanted
    to dispose of it and could keep such facts in mind long
    enough to plan and effect the conveyance in question with-
    out prompting and interference from others.

3. APPEAL AND ERROR—DEEDS—MENTAL COMPETENCY—EVIDENCE—
   REFORMATION OF INSTRUMENTS.
    Since on appeal chancery cases are heard *de novo* and due
    weight given to factual findings of the trial court and it is
    not reversed unless Supreme Court is convinced it would
    have reached a different conclusion had it occupied the
    position of the trial court, where testimony in guardian's suit
    to set aside deed of elderly grantor to her stepson amply
    supports finding that grantor was mentally competent to ex-
    ecute such deed, decree reforming deed to reserve life es-
    tate in grantor is affirmed.

Appeal from Cass; Sweet (Lucien F.), J., pre-
siding. Submitted April 8, 1949. (Docket No. 43,
Calendar No. 44,355.) Decided May 18, 1949.

REFERENCES FOR POINTS IN HEADNOTES

[2]. 16 Am. Jur., Deeds, § 85.
[3] 3 Am. Jur., Appeal and Error, § 912.

Bill by Carl H. Barrett, guardian of Ida M. Swisher, mental incompetent, against Neil Swisher and wife to set aside a deed to real estate. Decree for defendants. Plaintiff appeals. Affirmed.

*Leo W. Hoffman,* for plaintiff.

*Burns & Hadsell,* for defendants.

SHARPE, C. J. This case involves the mental competency of Ida M. Swisher to execute a deed on November 29, 1946. The material facts leading up to and bearing upon this issue are as follows:

Ida M. Swisher was first married to William A. Barrett and as a result of this marriage two children were born one of whom is Carl H. Barrett now of the age of 60 years. William A. Barrett died and Mrs. Barrett married John Swisher who had a son Neil Swisher, one of the defendants in this case. John Swisher died in 1935 and left the life use of his estate to Ida M. Swisher. Neil Swisher, as administrator and trustee of his father's estate, has paid Ida M. Swisher from $200 to $400 per year out of the income from the estate of John Swisher. Mrs. Swisher continued to live in her home in Dowagiac. Her stepson Neil Swisher also lived in Dowagiac. In September, 1946, Ida M. Swisher sold a piece of property for $3,500. In April, 1946, Mrs. Swisher signed a withdrawal slip for $3,742.22 which she had in a savings account in the Dowagiac National Bank and gave it to Neil Swisher, but did not deliver to him the deposit book covering this account until May, 1947. About the same time Mrs. Swisher, against Neil Swisher's advice, asked him to cash a $1,000 government bond so that there would be money for her funeral expenses. On November 29, 1946, Mrs. Swisher executed a warranty deed to Neil Swisher and Velma Swisher, his wife, of her home.

In February, 1947, Mrs. Swisher suffered a fall from the porch of her home and was confined to her bed for a considerable period of time. Some trouble developed in securing help to care for her and for a period of a month or two following her fall her mind was confused. For a period of time during Mrs. Swisher's incapacity, Carl Barrett and wife stayed at the home of Mrs. Swisher for the purpose of taking care of her. On May 8, 1947, Carl Barrett filed a petition in the probate court of Cass county alleging that his mother, Ida Swisher, was 82 years of age and mentally incompetent to have charge, custody and management of her person and estate and prayed for the appointment of a guardian. On May 24, 1947, the probate court entered an order finding that Ida Swisher was mentally incompetent to have charge, custody and management of her person and estate and appointed Carl Barrett her guardian.

On June 3, 1947, Carl Barrett, as guardian, filed a bill of complaint in the circuit court of Cass county, in chancery, against Neil and Velma Swisher, as defendants, alleging that on the 29th day of November, 1946, Ida Swisher was mentally incompetent; that about that time Neil Swisher obtained a deed to her home in Dowagiac by fraud and duress, and without consideration; and prayed that the deed be cancelled. An answer to the above bill of complaint was filed by Neil Swisher.

A trial was had and, after a great deal of testimony was taken, the trial court filed an opinion holding that Ida Swisher was mentally competent on November 29, 1946, when the deed was executed, and through mistake Ida Swisher had not reserved a life estate. A decree was entered reforming the deed reserving a life estate in the property to Ida Swisher. In his opinion the trial court found as a fact:

"It is my conclusion that the proofs offered on Ida Swisher's condition before and after the time of making and delivering the deed are convincing to establish her mental capacity to do so."

Plaintiff, Carl Barrett, appeals and urges that Ida Swisher was mentally incompetent to execute a deed on November 29, 1946; and that the deed was procured under such circumstances that it should be cancelled. The issues raised by plaintiff in this cause present questions of fact.

The test of mental capacity of a grantor in a deed is set forth in the case of *Hayman* v. *Wakeham,* 133 Mich. 363, where we said:

"The rule to be applied in this case, in reference to the mental competency of Richard Wakeham, has been declared many times in our courts, and is whether, at the time he executed the deeds in question, he had sufficient mental capacity to understand the business in which he was engaged, to know and understand the extent and value of his property, and how he wanted to dispose of it, and to keep these facts in his mind long enough to plan and effect the conveyances in question without prompting and interference from others."

See, also, *Grand Rapids Trust Company* v. *Atherton,* 276 Mich. 56.

In the case at bar the only direct testimony that Ida Swisher was incompetent at the time the deed was executed was given by Carl Barrett and wife. As opposed to this testimony there was the testimony of lay witnesses who had directly observed Ida Swisher during the period in question and who testified that Ida Swisher was capable of handling her financial affairs. Many of these witnesses had seen her in prior years and did not think that she had lost the astute business sense which she formerly had.

The following testimony given by Ida Swisher approximately 18 months after the execution of the deed fails to show an unsound mind:

"*Q.* What did you do with your home? You said you gave that away?

"*A.* Why give it away? I give this place to Neil, and if you want to know the reason I can tell you: Neil was here in town and I never once have asked that boy to do anything for me—I didn't even have to ask him, either—if he knew I needed something done, he was always ready and willing to do it. Charles, my son, never was here, and if he was he didn't do anything for me, and I just felt, now, if I give Neil, I felt Neil was worthy of something, the way he used me; he was kind in every way. Now, that is the God's truth. I sat here, tried to do what was the right thing to do, and I come to the conclusion that I would give the place to Neil, and what I had in money I would leave for Charles."

On appeal we hear chancery cases *de novo* and give due weight to the factual findings of the trial court. We do not reverse the trial court unless convinced that we would have reached a different conclusion had we occupied the position of the lower court. On the record before us we think the trial court correctly determined the matter in issue.

A decree will be entered affirming the decree of the trial court, with costs to defendants.

BUSHNELL, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.