*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re MARGARET E. WHITE TRUST.

GREGORY L. WHITE, Individually and as
Trustee of MARGARET E. WHITE TRUST,

      Appellant,

v

RENATA L. WHITE,

      Appellee.

UNPUBLISHED
May 9, 2019

No. 344361
Shiawassee Probate Court
LC No. 15-036678-TT

Before: BOONSTRA, P.J., and METER and FORT HOOD, JJ.

PER CURIAM.

Appellant, Gregory L. White, individually and as trustee of the Margaret E. White Trust (the Margaret Trust), appeals as of right the probate court's May 30, 2018 judgment in favor of appellee, Renata L. White, following her claims of breach of trust regarding the Margaret Trust and the Renata L. White Discretionary Trust (the Discretionary Trust).[1] We affirm the probate court's judgment in all respects except for the portion requiring Gregory to pay Renata $117,728.93 in attorney fees. Instead, we vacate the attorney fee award and remand for the probate court to (1) articulate the authority pursuant to which it awarded the attorney fees and (2) consider the reasonableness of the claimed attorney fees in accordance with Michigan law.

## I. FACTUAL BACKGROUND

Margaret E. White was the settlor of the Margaret Trust and she died on January 28, 2012. Margaret's children were Gregory, Monica M. White, and Renata. The Margaret Trust named Gregory as the first successor trustee. After specific bequests were provided for, the

---

[1] Throughout this opinion we will refer to the parties by their first names.

Margaret Trust provided that its residue was to be distributed with 40% to Gregory, 40% to Monica, and 20% to Renata to be held in a discretionary trust as directed by the terms of the Margaret Trust.

In March 2015, Renata filed an amended petition for the enforcement of the Margaret Trust. In Count I of the amended petition, Renata asserted that Gregory had defrauded the Margaret Trust and in Count II, Renata claimed that Gregory had abused his powers as trustee of the Discretionary Trust. Gregory moved for summary disposition on the basis that the statute of limitations precluded Renata's claims, and while the probate court denied summary disposition, the circuit court, on appeal, later granted summary disposition of Count I of Renata's 2015 amended petition, holding that Renata had asserted a breach-of-trust claim which was subject to the applicable statute of limitations. In 2017, Renata filed a petition asserting that Gregory had breached his duties as trustee of the Discretionary Trust, including by failing to distribute and prudently invest funds and by charging attorney fees to the Discretionary Trust.

Following a three-day bench trial, the probate court found that Gregory had breached his fiduciary duties to both the Margaret Trust and the Discretionary Trust for his personal gain, had engaged in self-dealing, and had converted money from the Discretionary Trust to pay for his own attorney fees, significantly depleting the Discretionary Trust, without authorization of the probate court. It found that the initial value of Margaret's residence that was part of the Margaret Trust was appraised at $165,000, but Gregory sold it to himself for $137,000. Ultimately, the probate court concluded that the Discretionary Trust for Renata should have been funded at $57,933.12, representing Renata's 20% share of the Margaret Trust after the residence was properly valued at $160,000 and Gregory had repaid fiduciary fees of $9,918 to the Margaret Trust. The probate court also awarded Renata $117,728.93 in attorney fees against Gregory individually.

## II. RES JUDICATA AND COLLATERAL ESTOPPEL

On appeal, Gregory argues that the probate court should not have ruled on the breach of trust claims that Renata alleged in her 2017 petition because res judicata or collateral estoppel barred these claims. We disagree.

This Court reviews de novo the application of the doctrine of collateral estoppel. *Holton v Ward*, 303 Mich App 718, 731; 847 NW2d 1 (2014). This Court also reviews de novo whether the doctrine of res judicata is applicable to a particular case. *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 379; 596 NW2d 153 (1999). To the extent this appeal involves the interpretation of court rules, our review is de novo. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010).

Res judicata precludes a "second, subsequent action" where "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004). Collateral estoppel is implicated under the following circumstances:

Generally, for collateral estoppel to apply three elements must be satisfied: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel. [*William Beaumont Hosp v Wass*, 315 Mich 392, 398; 889 NW2d 745 (2016) (citation and quotation marks omitted).]

As an initial matter, we disagree with Gregory's contention that the doctrines of res judicata and collateral estoppel are applicable to this case given that the petitions filed in 2015 and the petition filed in 2017 involve the same proceeding in the probate court, that being Case No. 15-036678-TT. Our review of the applicable court rules confirms this conclusion. For example, MCR 5.101(A) provides that in the probate court, there are "two forms of action, a 'proceeding' and a 'civil action.'" MCR 5.101(B) specifies that "[a] proceeding is commenced by filing an application or a petition with the court." Additionally, MCR 5.119 governs "Additional Petitions; Objections; [and] Hearing Practices." This court rule provides, in pertinent part:

**(A)   Right to Hearing, New Matter**. An interested person may, within the period allowed by law or these rules, file a petition and obtain a hearing with respect to the petition.

Specifically regarding trust proceedings, MCR 5.501(C) provides, in pertinent part:

**Commencement of Trust Proceedings.**  A proceeding concerning a trust is commenced by filing a petition in the court. Registration of the trust is not required for filing a petition.

In this case, the proceeding in the probate court was first initiated when Renata filed a petition on March 26, 2015 "for the enforcement of trustee duties and responsibilities" pursuant to the Michigan Trust Code, MCL 700.7101 *et seq*. While Renata filed an amended petition on August 28, 2015, and an additional petition on July 13, 2017, these petitions concerned additional matters arising from the same proceeding, and new proceedings were not originated with the filing of the additional petitions. Under such procedural circumstances, we disagree with Gregory that the doctrines of res judicata and collateral estoppel apply to bar the claims Renata alleged in her 2017 petition, as separate causes of action are simply not implicated. In any event, our review of the record confirms that the factual allegations raised in Renata's 2017 petition were substantially different from those raised in Count I of her 2015 amended petition which the circuit court dismissed on the basis of the statute of limitations.

For example, Count I of Renata's 2015 amended petition essentially alleged that Gregory had engaged in a breach of trust in his fiduciary duties as trustee of the Margaret Trust with respect to the maintenance, improvement and sale of Margaret's residence, as well as with expenditures related to the residence. Renata also questioned several disbursements from the Margaret Trust that Gregory had submitted to Renata in an accounting. Count II of the amended petition requested that Gregory be removed as trustee of the Discretionary Trust and that the Discretionary Trust be closed. The circuit court dismissed Count I of the amended petition on the basis of the statute of limitations. In Renata's 2017 petition, she asserted claims against

Gregory on the basis of his failure to perform his duties as trustee of the Margaret Trust and the Discretionary Trust. For example, she alleged that Gregory had not prepared an inventory of the Margaret Trust and she questioned the manner in which funds held in the Discretionary Trust were being invested. Specifically, Renata alleged that Gregory "has totally neglected his responsibilities and also totally abused his authority in the handling and conversion of the [Discretionary Trust] funds[.]" Renata also challenged Gregory's accounting for the Discretionary Trust, and alleged numerical inaccuracies pertaining to both the Discretionary Trust and the Margaret Trust. Renata also alleged that "[the Discretionary Trust] has been totally depleted by paying the personal bills incurred by [Gregory]" and that the funds in the Discretionary Trust were not handled for Renata's benefit. While Renata highlighted details of Gregory's handling of the appraisal and sale of Margaret's residence in her July 13, 2017 petition, she clearly did so as part of her claim that Gregory should produce "corrected accountings and records" with respect to the Margaret Trust.[2] Therefore, a review of the record confirms that the thrust of the allegations advanced in the 2017 petition pertained to inaccuracies in the accounting records of the Margaret Trust and challenges to how the funds in the Discretionary Trust were invested and handled. We therefore disagree with Gregory's assertion in his brief on appeal that "[t]he . . . claims in Count I of the Amended 2015 Petition arise from the same facts as the . . . claims in the 2017 Petition." Accordingly, because we are satisfied that the allegations in the 2017 petition were significantly different from those alleged in Count I of the 2015 amended petition and dismissed by the circuit court, we agree with Renata that the probate court properly tried and ruled on these allegations and concomitant issues.[3]

## III. ATTORNEY FEES

On appeal, Gregory advances a two-pronged argument with respect to attorney fees and his trustee fees. First, he claims that the probate court erred in awarding Renata's share of the Margaret Trust that funded the Discretionary Trust without reducing the amount for his trustee fees in the amount of $9,918 and attorney fees in the amount of $47,318.61. We disagree.

Because our review of the probate court's ruling requires that we interpret the statutory language of pertinent portions of the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.*, our review of this issue is de novo. *Dextrom*, 287 Mich App at 416. We construe a statute by "considering the plain language" to discern its meaning. *Patel v Patel*, 324 Mich App 631, 639-640; 922 NW2d 647 (2018). If the statutory language is clear, we enforce the statute as written. *Id.* at 640. To the extent our analysis of these issues requires us to

---

[2] The accounting of funds held by the Margaret Trust was relevant to the Discretionary Trust as the terms of the Margaret Trust dictated that a Discretionary Trust be established for Renata and that it be funded by the assets in the Margaret Trust.

[3] We also disagree with Gregory that the law of the case doctrine precluded the probate court from ruling on the issues raised in the 2017 petition. The law of the case doctrine only applies to issues that are actually decided in a prior appeal. *Cadwell v Highland Park*, 324 Mich 642, 650 n 1; 922 NW2d 639 (2018). In this case the circuit court did not actually decide the issues that were presented in Renata's 2017 petition.

consider the probate court's factual findings following trial, our review is for clear error. *In re Koehler Estate*, 314 Mich App 667, 673-674; 888 NW2d 432 (2016).

In its written opinion, the probate court expressed grave concern with the actions of both Gregory and his attorneys with respect to Gregory's attorney fees throughout the pendency of the lower court proceedings. Specifically, the probate court stated that "[Gregory's attorneys knowingly] used the entirety of Renata's share of the Trust to pay themselves for . . . attorney fees." The probate court also expressed its concern that counsel for Gregory relied on MCL 700.7817 as authority for unilaterally charging attorney fees to the Discretionary Trust, knowing that the Trust was being depleted. The probate court also noted that when Renata contacted the law firm representing Gregory to ascertain what her Discretionary Trust had been charged for the law firm's services, she was told that the information was subject to the attorney-client privilege and that she was not entitled to that information. On appeal, Gregory concedes that the attorney fees at issue were incurred with respect to this lawsuit regarding Gregory's administration of the Margaret Trust and the Discretionary Trust.

MCL 700.7817 provides, in pertinent part:

Without limiting the authority conferred by [MCL 700.7816] a trustee has all of the following powers:

(w) *To employ an attorney to perform necessary legal services or to advise or assist the trustee in the performance of the trustee's administrative duties*, even if the attorney is associated with the trustee, and to act without independent investigation upon the attorney's recommendation. An attorney employed under this subdivision shall receive reasonable compensation for his or her employment.

(x) To prosecute, defend, arbitrate, settle, release, compromise, or agree to indemnify an action, claim, or proceeding in any jurisdiction or under an alternative dispute resolution procedure. The trustee may act under this subdivision for the trustee's protection in the performance of the trustee's duties. [Emphasis supplied.][4]

See also *In re Temple Marital Trust*, 278 Mich App 122, 132; 748 NW2d 265 (2008) (observing that "provided a trustee acts as a reasonable and prudent person with respect to the trust," he or she may retain attorneys to provide advice or assistance with respect to the administration of the trust or to defend a lawsuit involving the trust).

---

[4] Section 9.26 of the Margaret Trust provides that the trustee may "employ an attorney to perform necessary legal services or to advise or assist the Trustee in the performance of the Trustee's administrative duties. An attorney employed under this subdivision shall receive reasonable compensation for that employment."

MCL 700.7817 is found in Part 8 of the Michigan Trust Code,[5] and details the specific powers that trustees possess as they administer a trust. For example, MCL 700.7801 provides that, "[u]pon acceptance of a trusteeship, the trust shall *administer* the trust in good faith, expeditiously, in accordance with its terms and purposes, for the benefit of the trust beneficiaries, *and in accordance with this article*." MCL 700.7802 imposes on a trustee the duty to "act as would a prudent person in dealing with the property of another, including following the standards of the Michigan prudent investor rule." The trustee is also required to "take reasonable steps to take control of and protect the trust property." MCL 700.7810. Likewise, the trustee bears responsibility to "enforce claims of the trust and to defend claims against the trust." MCL 700.7812. While we recognize that MCL 700.7817(w) allows a trustee to employ counsel "to perform necessary legal services or to assist the trustee in the performance of the trustee's *administrative* duties," the attorney fees at issue in this case, as Gregory acknowledges on appeal, were incurred in defending Renata's allegations of breach of trust. Part 9 of the Michigan Trust Code contains a statutory provision that is directly on point with respect to the award of attorney fees in the context of proceedings where a breach of trust is alleged.

MCL 700.7901(1) provides that "[a] violation by a trustee of a duty the trustee owes to a trust beneficiary is a breach of trust." Similarly, MCL 700.7904 provides, in pertinent part:

> (1) In a proceeding involving the administration of a trust, the court, as justice and equity require, may award costs and expenses, including reasonable attorney fees, to any party who enhances, preserves, or protects trust property, to be paid from the trust that is the subject of the proceeding.
>
> (2) Subject to subsection (3), if a trustee participates in a civil action or proceeding in good faith, whether successful or not, the trustee is entitled to receive from trust property all expenses and disbursements including reasonable attorney fees that the trustee incurs in connection with its participation.
>
> (3) *A court may reduce or deny a trustee's claim for compensation, expenses, or disbursements with respect to a breach of trust.* [Emphasis added.]

A review of the probate court's thorough and well-reasoned written ruling following three days of trial demonstrates that the probate court concluded that Gregory engaged in a continuous and repeated breach of trust with respect to his fiduciary duties pertaining to the administration of the Margaret Trust, independent of the sale and valuation of Margaret's residence, and that he also breached his fiduciary duties in the administration of the Discretionary Trust. As an initial matter, the probate court's written ruling reflects that the court was well-aware that Gregory's dispositive motion had resulted in the dismissal of Count I of the amended 2015 petition. However, the probate court recognized that "since the value of the Renata White Discretionary Trust is based on the value of the Margaret E. White Trust, [Gregory's] actions relative to that trust are subject to review." Reviewing Gregory's actions as trustee, the probate court observed that Gregory "was in no hurry to be forthright with his sister

---

[5] The Michigan Trust Code is Article VII of EPIC.

about the state of the Trust funds and to what she was entitled." The probate court was also justifiably concerned that every time Renata contacted Gregory to inquire about the administration of the Margaret and Discretionary Trusts, Gregory would consult with his attorneys and the significant legal fees would be billed to and deplete Renata's share of the funds. The probate court also noted that Gregory abdicated his duty to ensure that Renata received timely disbursements from the Discretionary Trust, and that he did not invest the funds in the Discretionary Trust in a manner that would have benefitted Renata as a beneficiary. The probate court also noted that Gregory "through self-dealing, converted the money from the Renata White Discretionary Trust for his own benefit." Given that Gregory's actions were "so tainted by his misdeeds and self-dealing," the probate court concluded that Gregory must repay his trustee fees to the Margaret Trust. The probate court's ruling in this regard is in accordance with MCL 700.7901, which provides, in pertinent part:

> (1) A violation by a trustee of a duty the trustee owes to a trust beneficiary is a breach of trust.

> (2) To remedy a breach of trust that has occurred . . . the court may do any of the following:

> * * *

> (c) Compel the trustee to redress a breach of trust by paying money, restoring property, or other means.

> * * *

> (h) Reduce or deny compensation to the trustee.

Overall, in the probate court's estimation, because of the egregious breaches of trust that Gregory engaged in throughout his tenure as trustee, he was not entitled to use the proceeds of the Discretionary Trust to pay for his attorney fees or his trustee fees. Indeed, rather than enhancing, preserving or protecting the trust property, MCL 700.7904(1), it is clear that the probate court took umbrage with Gregory's actions, motivated by his own self-gain, in depleting the Discretionary Trust that was rightfully Renata's, to pay for his significant attorney fees without first seeking approval of the probate court. Specifically, in its written opinion and order following trial, the probate court characterized Gregory's testimony at trial as "deceptive, underhanded and deliberately vague." The probate court further observed that Gregory "abused and dissipated" funds that their mother intended for Renata. The present case is thus distinguishable from authority of this Court where attorney fee payments were approved in actions alleging misconduct against the trustee of a trust because the trustee was not found to have engaged in any wrongdoing. Cf. *In re Temple Marital Trust*, 278 Mich App at 135, 136-137 (observing that when attorney fees are incurred by a trustee in defending an action alleging misconduct, fees are properly charged to the estate if no wrongdoing is established). Under the circumstances of this case, we agree with the probate court's decision to not reduce Renata's share of the Margaret Trust, which in turn funded the Discretionary Trust, to account for Gregory's attorney fees and trustee fees.

Next, Gregory argues that the probate court's award of attorney fees to Renata must be vacated because (1) the probate court did not articulate its authority for awarding the attorney fees and (2) did not consider whether the claimed attorney fees were reasonable. We agree.

This Court reviews the probate court's underlying findings of fact regarding attorney fees for clear error and reviews its decision to award fees and the reasonableness of the fees for an abuse of discretion. *In re Temple Marital Trust*, 278 Mich App at 128. The probate court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id*. The payment of attorney fees and costs is generally precluded in the absence of a statute, court rule, or judicial exception. *Id*. at 129.

In this case, the probate court awarded Renata $117,728.93 in attorney fees against Gregory. However, the probate court did not state its legal authority for holding Gregory responsible for Renata's fees. We acknowledge that MCL 700.7901 provides, in pertinent part:

(1) *A violation by a trustee of a duty the trustee owes to a trust beneficiary is a breach of trust.*

(2) To remedy a breach of trust that has occurred or may occur, the court may do any of the following:

* * *

(c) compel the trustee to redress a breach of trust by paying money, restoring property, or other means.

* * *

(j) *Order any other appropriate relief.* [Emphasis added.]

While Renata argues that she would be entitled to attorney fees under MCL 700.7904, this statute does not support the probate court's specific award in this case. MCL 700.7904 provides that "[i]n a proceeding involving the administration of a trust, the court, as justice and equity require, may award costs and expenses, including reasonable attorney fees, to any party who enhances, preserves, or protects trust property, *to be paid from the trust that is the subject of the proceeding*." (Emphasis added.) The probate court ordered Gregory to personally pay Renata's attorney fees. Accordingly, we are not persuaded that MCL 700.7904 is applicable.

Accordingly, we vacate the probate court's attorney fee award in favor of Renata and remand for the court to state the legal authority for the award of attorney fees. Additionally, on remand, if the probate court determines that it has a legal basis under which to award Renata attorney fees, it must undertake an inquiry and make a determination regarding the reasonableness of the claimed attorney fees. *Smith v Khouri*, 481 Mich 519, 528-530; 751 NW2d 472 (2008) (opinion by TAYLOR, C.J.); *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 275, 281-282; 884 NW2d 257 (2016).

IV. CONCLUSION

We affirm the probate court's May 30, 2018 judgment in all respects except for the portion awarding $117,728.93 in attorney fees to Renata. We remand to allow the probate court to (1) articulate the legal authority substantiating its award of attorney fees to Renata and (2) consider the reasonableness of the fees. We do not retain jurisdiction.


/s/ Mark T. Boonstra
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood