*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JACQUELINE NOWICKI-HOCKEY,

UNPUBLISHED
June 11, 2020

Plaintiff-Appellant,

v

No. 347587
Montmorency Circuit Court
LC No. 11-002674-CH

BANK OF AMERICA,

Defendant-Appellee.

Before: K. F. KELLY, P.J., and FORT HOOD and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's opinion and order granting defendant's motion to dismiss under MCR 2.504(B)(1). We affirm.

## I. BACKGROUND

This is the second time that this case is before us. The facts underlying this case were set forth in our prior opinion and need not be recalled at length. See *Nowicki-Hockey v Bank of America*, unpublished per curiam opinion of the Court of Appeals, issued June 29, 2017 (Docket No. 331584), pp 1-3. Suffice it to say that plaintiff and her now ex-husband purchased a retirement home using the proceeds of a mortgage loan. *Id.* at 1. When plaintiff and her ex-husband divorced, he quit-claimed the property to plaintiff, and she took sole responsibility for the remaining debt. *Id.* at 2. As a result of accounting errors, plaintiff argued that defendant failed to acknowledge that she had paid off the mortgage in April 2008. *Id.* Plaintiff filed a complaint alleging breach of contract. *Id.* The trial court concluded that plaintiff had not paid off her mortgage and granted defendant's motion for summary disposition on the basis that plaintiff was the first to substantially breach the contract. *Id.* at 3. We concluded that there was a question of fact as to which party committed the first substantial breach of the contract. See *id.* at 5. On that basis, we vacated the trial court's decision granting defendant's motion for summary disposition and remanded for further proceedings. *Id.* at 6.

Following our remand, a status conference was scheduled for January 29, 2018. On January 26, 2018, plaintiff contacted the clerk to adjourn the status conference, stating that both parties stipulated to the adjournment. Plaintiff did not, however, notify defendant of the

-1-

adjournment, and defendant's counsel went to the originally scheduled status conference with no knowledge that it had been adjourned. Later, on April 20, 2018, plaintiff filed a motion to adjourn a case evaluation that was scheduled for April 27, 2018. Plaintiff also filed a motion for stay with this Court on April 26, 2018.[1] In both motions, plaintiff alleged that she was unable to attend the case evaluation because her son's graduation ceremony was scheduled for the same day.[2] The trial court denied plaintiff's motion to adjourn, and we denied plaintiff's motion to stay. *Nowicki-Hockey v Bank of America*, unpublished order of the Court of Appeals, entered April 26, 2018 (Docket No. 343393).

On October 1, 2018, plaintiff filed a motion to stay with the trial court. The trial court orally denied plaintiff's motion at the hearing, and told her to "[g]et ready for trial," which was scheduled for October 25, 2018. Plaintiff's counsel then informed the trial court, however, that plaintiff was going to have hip surgery the following Tuesday. Plaintiff stated that it usually took six to eight weeks to recover from a hip replacement and that she was told that she would not be able to drive for 30 days after having the surgery. With that knowledge, the trial court elected to adjourn the October 25, 2018 trial.

Later, the parties stipulated to move the final pretrial settlement conference from December 10, 2018, to November 26, 2018. The scheduling order provided that counsel and their clients were required to appear at the settlement conference, and the notice to appear at the December 10, 2018 settlement conference stated, "PARTIES WITH AUTHORITY TO SETTLE CASE MUST APPEAR." Plaintiff failed to appear.[3]

Defendant then filed a proposed order awarding fees and costs for plaintiff's failure to attend the settlement conference under MCR 2.602(B)(3). Defendant sought to recover $1,385.95 from plaintiff by December 19, 2018. The proposed order also stated, "Plaintiff is on notice that failure to comply with this Order may result in additional sanctions, including, but not limited to, the dismissal of this lawsuit, under MCR 2.504(B)(1)." Plaintiff did not respond to the proposed order, and the trial court entered the proposed order without modification. Ultimately, plaintiff did not pay the $1,385.95, and defendant filed a motion to dismiss under MCR 2.504(B)(1) on the

---

[1] Plaintiff had filed a delayed application for leave to appeal an order granting a motion in limine, which was ultimately denied. *Nowicki-Hockey v Bank of America*, unpublished order of the Court of Appeals, entered October 25, 2018 (Docket No. 343393).

[2] Presumably, plaintiff knew about her son's graduation—scheduled for April 27, 2018—before April 20, 2018.

[3] On December 6, 2018, plaintiff's counsel filed a motion to withdraw as her counsel. He stated that plaintiff sent him an e-mail the night before the settlement conference to inform him that she would not be attending. He did not see plaintiff's e-mail before the settlement conference. Plaintiff's counsel also stated that he attempted to contact plaintiff after the settlement conference, but plaintiff did not respond to his messages.

grounds that plaintiff failed to comply with the trial court's order to appear at the settlement conference and to pay the $1,385.95 in sanctions.

At a hearing on January 9, 2019, plaintiff stated that she did not attend the settlement conference in person because her counsel told her that she could appear by telephone. According to plaintiff, she attempted to contact her counsel multiple times the day of the settlement conference, but he did not respond to her messages until after the settlement conference. Plaintiff stated that she had not heard from her counsel since November 26, 2018. Plaintiff also stated that she was not aware that she was required to pay $1,385.95 in sanctions because her counsel did not mail her the order for sanctions or otherwise inform plaintiff. Plaintiff moved to hold her counsel's firm responsible for paying the sanctions. The trial court reserved ruling on that motion until it reviewed plaintiff's response to her counsel's motion to withdraw, which plaintiff had filed two days before the hearing. The trial court also extended plaintiff's deadline to respond to defendant's motion to dismiss to January 18, 2019.

On January 17, 2019,[4] the trial court entered an order granting defendant's motion to dismiss and denying plaintiff's counsel's motion to withdraw as moot. This appeal followed. Plaintiff argues that the trial court erred by signing the order granting defendant's motion to dismiss before her deadline for responding to the motion had lapsed. Plaintiff also argues that the trial court erred by dismissing her case as a sanction. We affirm.

## II. ANALYSIS

"A trial court's decision to dismiss an action is reviewed for an abuse of discretion." *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016). This Court reviews a trial court's factual findings for clear error. *Patterson v Beverwyk*, 320 Mich App 670, 681; 922 NW2d 904 (2017). "A finding is clearly erroneous where, although there is evidence to support the finding, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made." *Patel v Patel*, 324 Mich App 631, 633; 922 NW2d 647 (2018).

We first conclude that the trial court did not abuse its discretion by imposing the sanction of dismissal.

"[T]rial courts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action," in order "to direct and control the proceedings before them." *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006). MCR 2.313(B)(2) provides that the trial court has the discretion to order sanctions that "are just, including, but not limited to" dismissing the action. MCR 2.504(B)(1) provides that "[i]f a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims." Notably, "[o]ur legal system favors disposition of litigation on the

---

[4] The order appears to have been signed by the trial court on January 17, 2019, signed by the court clerk and served on January 18, 2019, and entered on the register of actions on January 23, 2019.

-3-

merits." *Vicencio v Jaime Ramirez, MD, PC*, 211 Mich App 501, 507; 536 NW2d 280 (1995). Therefore, for "severe" sanctions such as dismissal, the trial court must carefully "consider 'the circumstances of each case to determine if such a drastic sanction is appropriate.' " *Duray Dev*, 288 Mich App, 143, 164-165; 792 NW2d 749 (2010), quoting *Dean v Tucker*, 182 Mich App 27, 32; 451 NW2d 571 (1990). The trial court should consider the following factors:

> "(1) whether the violation was willful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice." [*Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 631; 750 NW2d 228 (2008), quoting *Vicencio*, 211 Mich App at 507.]

With those factors in mind, we agree with the trial court's conclusion that dismissing plaintiff's case as a sanction was proper under the circumstances of this case.

Even presuming that plaintiff's failure to pay the $1,385.95 in sanctions was accidental, plaintiff demonstrated a history of failing to comply with the trial court's orders, and specifically failed to attend the settlement conference as required.[5] It is clear that plaintiff's failure to attend the settlement conference prejudiced defendant: the $1,385.95 sanction represented the 3.5 hours defendant's counsel spent preparing for the settlement conference, along with the 400 miles defendant's counsel drove roundtrip to attend the settlement conference. As noted, the record also demonstrates that there was a history of deliberate and unilateral delay on plaintiff's part. And, importantly, plaintiff seems to have taken no steps towards curing any defects.

As defendant notes, the trial court's December 19, 2018 order was attached as an exhibit to defendant's motion to dismiss, and plaintiff stated that she received defendant's motion. Thus, to the extent plaintiff argues that she was unaware of the $1,385.95 sanction because of failures on the part of her counsel, the argument is without merit. Defendant clearly stated in its motion that the trial court entered defendant's proposed order requiring plaintiff to pay $1,385.95 in sanctions for failing to attend the settlement conference. For these reasons, even if plaintiff was not aware that she was required to pay the sanctions by December 19, 2018, she still failed to cure the defect afterwards. Lastly, the record demonstrates that the trial court carefully considered other less severe sanctions and ultimately decided that dismissal was "proportionate and just" in light of plaintiff's conduct. *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 87-88; 618 NW2d 66 (2000). We see no error in that conclusion.

Next, while we recognize that the trial court appears to have signed its order of dismissal one day before the deadline by which plaintiff was to respond to the motion to dismiss, plaintiff has provided no authority or analysis to explain how she was prejudiced by that action. Plaintiff

---

[5] Plaintiff contends that she was given permission to attend the conference via phone, but the record simply does not support that assertion.

did not file a timely response, and the simple fact that the trial court signed the order on January 17, 2020, rather than January 18, 2020, has no practical effect on this case.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ Brock A. Swartzle