# STATE OF MICHIGAN

# COURT OF APPEALS

SHAMBHU PATEL,

   Plaintiff-Appellant,

v

HEMANT PATEL, JAIMIN PATEL, a/k/a
JIMMY PATEL, and VISHNU SHREE II, INC.,

   Defendants-Appellees.

FOR PUBLICATION
June 19, 2018
9:00 a.m.

No. 339878
Ottawa Circuit Court
LC No. 16-004469-CB

Before: MURRAY, C.J., and MARKEY and TUKEL, JJ.

PER CURIAM.

Plaintiff Shambhu ("Sam") Patel, and his two brothers, defendants Hemant ("La La") Patel and Jaimin ("Jimmy") Patel, in 2001, incorporated defendant Shree Vishnu II (SVII), to purchase and operate a hotel in Holland, Michigan known as the Holland Econolodge or the Holland Economy Inn.[1] Sam brought a shareholder oppression suit against defendants in 2016. Among the defenses that defendants asserted were waiver and promissory estoppel based on a handwritten letter plaintiff wrote on June 17, 2006; defendants allege that plaintiff in the letter surrendered all of his interest in the hotel to his two brothers. After a bench trial on the issue of waiver, the trial court ruled in defendants' favor in an opinion and order of July 28, 2017. The trial court entered its judgment of no cause of action on August 18, 2017. Plaintiff appeals by right. He also appeals the trial court's award of mediation fees as taxable costs. We affirm.

## I. WAIVER

## A. STANDARD OF REVIEW

This Court reviews for clear error the trial court's factual findings following a bench trial and reviews de novo the trial court's conclusions of law. *Ligon v Detroit*, 276 Mich App 120, 124; 739 NW2d 900 (2007). "A finding is clearly erroneous where, although there is evidence to support the finding, the reviewing court on the entire record is left with the definite and firm

---

[1] For convenience and to avoid confusion, we will refer to the brothers by their first name (Hemant) or nicknames (Sam and Jimmy).

conviction that a mistake has been made." *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 651; 662 NW2d 424 (2003). On appellate review, this Court must accord deference to the trial court's superior ability to judge the credibility of the witnesses who appear before it. *Id*. at 652; MCR 2.613(C).

A waiver consists of the intentional relinquishment or abandonment of a known right. *Sweebe v Sweebe*, 474 Mich 151, 156-157; 712 NW2d 708 (2005). "Waiver is a mixed question of law and fact. The definition of a waiver is a question of law, but whether the facts of a particular case constitute a waiver is a question of fact." *Id*. at 154 (citation omitted). "The party asserting the waiver bears the burden of proof." *The Cadle Co v City of Kentwood*, 285 Mich App 240, 255; 776 NW2d 145 (2009). Magic words are unnecessary to effectuate a valid waiver, but a waiver must be explicit, voluntary, and made in good faith. *Sweebe*, 474 Mich at 157. In order to ascertain whether a waiver exists, a court must determine if a reasonable person would have understood that he or she was waiving the interest in question. *Id*.; *Reed Estate v Reed*, 293 Mich App 168, 176; 810 NW2d 284 (2011). Thus, a valid waiver may be shown by "express declarations or by declarations that manifest the parties' intent and purpose," *Sweebe*, 474 Mich at 157, or be an implied waiver, "evidenced by a party's decisive, unequivocal conduct reasonably inferring the intent to waive." *Reed Estate*, 293 Mich App at 177 (citation omitted).

B. ANALYSIS

We conclude that the trial court did not clearly err by finding "plaintiff intentionally and voluntarily relinquished his known right to an ownership interest in the corporation owning the Holland hotel" by writing and delivering to his two brothers the June 17, 2006 letter that "explicitly indicated that [plaintiff] did not want 'anything' or 'whatever' from the Holland hotel," and that defendants Hemant Patel and Jaimin Patel "should 'share' or 'split' what would come from the hotel . . . ." The trial court's finding is supported by the plain meaning of the words that plaintiff voluntarily wrote in the letter addressed to his two brothers. The three brothers' conduct after 2006, which showed that plaintiff never participated in hotel operations and did not provide any assistance to save the hotel from bank foreclosure (2013) or from being shut down by the city of Holland because of alleged ordinance violations (2014), also supports the trial court's finding. Consequently, the trial court did not clearly err by ruling that because plaintiff "waived his rights as a shareholder in 2006, he did not have standing to pursue claims for damages, accounting, or dissolution of SVII in 2016." We affirm the trial court's judgment dismissing plaintiff's shareholder action.

Plaintiff asserts that the trial court's findings were against the great weight of the evidence. Plaintiff, while professing not to quarrel with the trial court's findings of fact, argues that the trial court erred by concluding defendants satisfied their burden of proof by the preponderance of the evidence that plaintiff waived his interest in the Holland hotel by writing and delivering the June 17, 2006 letter. See *The Cadle Co*, 285 Mich App at 255 ("The party asserting the waiver bears the burden of proof."). But plaintiff does attack certain of the trial court's individual findings of fact and also attacks the trial court's ultimate finding of fact of a valid waiver. *Sweebe*, 474 Mich at 154 ("[W]hether the facts of a particular case constitute a waiver is a question of fact."). Ultimately, we conclude that the trial court's findings are not clearly erroneous because the evidence supports them, and where testimony conflicts, we must

accord deference to the trial court's superior ability to judge the credibility of the witnesses who appear before it. *Ambs*, 255 Mich App at 652; MCR 2.613(C).

Plaintiff argues that the plain meaning of the words he wrote should not be applied because he only intended to comfort the brothers' father by showing there was not a family feud over money and delivered the letter to his father, not his brothers. But plaintiff's testimony in this regard was contradicted by the testimony of his brothers. The trial court found defendants' testimony on this point more credible than plaintiff's testimony. Moreover, the trial court's finding was supported by the fact that the letter was addressed to plaintiff's brothers (Jimmy, La La). The finding was further supported by the lack of evidence that the June 17, 2006 letter was ever in the possession of the brothers' father, other than plaintiff's own testimony that the trial court determined lacked credibility. The trial court's findings that plaintiff delivered the letter to his brothers and intended the plain meaning of the words he wrote are not clearly erroneous. MCR 2.613(C); *Ambs*, 255 Mich App at 652.

Plaintiff's other arguments also lack merit because they do not undermine the trial court's factual findings. Plaintiff argues the "fact" that he remains personally liable for the Holland hotel's debt undercuts the trial court's finding. But plaintiff points to no part of the record where this "fact" is established. Rather, the record evidence shows that in 2013, the Holland hotel's bank called its outstanding loan balance and defendants refinanced the debt without plaintiff's assistance or participation. Whether plaintiff remains liable regarding any personal guarantees he gave before 2006 is pure speculation. Plaintiff's argument does not undermine the trial court's factual findings that "plaintiff intentionally and voluntarily relinquished his known right to an ownership interest in the corporation owning the Holland hotel" by writing and delivering to his two brothers the June 17, 2006 letter.

Similarly, plaintiff's argument—that the Hindu phrase "Oh Namoh Shivay" would not be written at the top of the June 2006 letter if it were a business document—also does not undermine the trial court's factual findings. The evidence at trial showed all three brothers did not attend to legal details as a lawyer or accountant would. Further, the letter was written after plaintiff had accused his brothers of stealing money from SVII. Immediately before writing that he did not want anything from the hotel, plaintiff wrote: "I don't have any hard feeling. If I did something wrong I am sorry." Plaintiff testified at trial that the phrase at issue had religious implications similar to invoking Deity so its placement on a letter to brothers with whom he was in business, to settle past differences, does not undercut the trial court's finding that plaintiff meant what he wrote: "I don't want from [the Holland hotel] whatever comes you share it."

Plaintiff argues he did not waive his interest in the Holland hotel because he continued to receive payments from hotel profits between 2006 and 2011. But all three brothers agreed that the money plaintiff received during that time period were for the necessities of plaintiff and his family when plaintiff was not succeeding in business. Further, the trial court found credible defendant brothers' testimony that the payments were essentially charitable gifts, not business profit distributions. Further, the testimony of Hemant and Jimmy was supported by bank and tax records that showed the distributions were included in defendants' taxable income but were not taxable to plaintiff. The trial court's findings regarding the payments plaintiff received are not clearly erroneous. MCR 2.613(C); *Ambs*, 255 Mich App at 651-652.

Plaintiff's remaining arguments also lack merit. Plaintiff's argument that defendant brothers set up Jai Gain, LLC, to siphon hotel profits away from plaintiff is totally without evidentiary support. Plaintiff's argument concerning corporate filings of SVII in 2013 do not alter or effect the plain meaning of plaintiff's June 17, 2006 letter. Similarly, plaintiff's contention that he had no motive to waive his interest in SVII is unavailing. The testimony at trial and the letter itself speaks to plaintiff's motivation—to make amends with his brothers for his actions and to heal their brotherly relationship. Plaintiff wrote in the June 17, 2006 letter: "If you wish to keep relation as brother it up to you."—and also wrote—"I don't have any hard feeling. If I did something wrong I am sorry." This clearly demonstrates plaintiff's motivation and supports, not undercuts, the trial court's factual determination that "plaintiff intentionally and voluntarily relinquished his known right to an ownership interest in the corporation owning the Holland hotel." The trial court's finding of waiver is not clearly erroneous. MCR 2.613(C).

In sum, the trial court did not clearly err by finding that plaintiff waived his interest in the Holland hotel by writing and delivering to his two brothers the June 17, 2006 letter that "explicitly indicated that [plaintiff] did not want 'anything' or 'whatever' from the Holland hotel," and that defendants Hemant Patel and Jaimin Patel "should 'share' or 'split' what would come from the hotel." MCR 2.613(C); *Ambs*, 255 Mich App at 651-652. The record supports that defendants proved plaintiff's waiver by the preponderance of the evidence. *The Cadle Co*, 285 Mich App at 255. Although the June 17, 2006 letter did not contain legal terminology, magic words are not necessary for a valid waiver. *Sweebe*, 474 Mich at 157. Plaintiff's letter contained "express declarations" and "declarations that manifest[ed] [plaintiff's] intent and purpose" to waive his interest in the Holland hotel and convey it equally to his two brothers. *Id*. As a result, the trial court properly dismissed plaintiff's shareholder action under MCL 450.1489.

## II. TAXABLE COST – MEDIATION

### A. STANDARD OF REVIEW

The proper interpretation and application of a court rule is a question of law that is reviewed de novo. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009). Likewise, whether a particular expense is taxable as a cost is a question of law, also reviewed de novo. *Guerrero v Smith*, 280 Mich App 647, 670; 761 NW2d 723 (2008).

### B. ANALYSIS

We conclude that under the plain meaning of MCR 2.625(A)(1), MCR 2.411(D)(4), and MCL 600.2405(2), the trial court did not err by assessing mediation fees as taxable costs.

"The power to tax costs is purely statutory, and the prevailing party cannot recover such expenses absent statutory authority." *Guerrero*, 280 Mich App at 670; see also *Beach v State Farm Mut Auto Ins Co*, 216 Mich App 612, 621; 550 NW2d 580 (1996). MCL 600.2405 lists various items that may be taxed as costs and awarded to a prevailing party, including "[m]atters specially made taxable elsewhere in the statutes or rules." MCL 600.2405(2).

When interpreting a court rule, the principles used to interpret statutes apply. *Henry*, 484 Mich at 495. Construction begins by considering the plain language of the statute or court rule in order to ascertain its meaning. *Id*. Generally, clear statutory language must be enforced as

written. *Velez v Tuma*, 492 Mich 1, 16-17; 821 NW2d 432 (2012). So too with court rules, "unambiguous language is given its plain meaning and is enforced as written." *Fleet Business Credit v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 591; 735 NW2d 644 (2007).

The starting point is MCR 2.625(A)(1). It provides: "Costs will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action." *Id*. The court rule presumes that the prevailing party may tax its costs unless a statute, other court rule, or the presiding judge has ordered otherwise. See *Guerrero*, 280 Mich App at 671; quoting *Beach*, 216 Mich App at 622. In this case, plaintiff does not point to a statute, court rule, or decision by the trial court that would prohibit mediation expenses as a taxable cost under MCR 2.625(A)(1).

The trial court ruled that defendants' mediation expense was a taxable cost under MCR 2.411(D)(4), which provides that a "mediator's fee is deemed a cost of the action, and the court may make an appropriate order to enforce the payment of the fee." The trial court did not err by applying the plain terms of MCL 600.2405(2), which includes as a taxable cost any matter "made taxable elsewhere in the statutes or rules." MCR 2.411(D)(4) plainly provides a "mediator's fee is deemed a cost of the action"—thus becoming a taxable cost under MCL 600.2405(2), and authorizing the assessment of mediation fees as a taxable cost under MCR 2.625(A)(1). That the second clause of MCR 2.411(D)(4) authorizes a court to "make an appropriate order to enforce the payment of the [mediator's] fee" does not diminish the plain terms of the first clause of MCR 2.411(D)(4). When interpreting a statute or court rule, "[a]s far as possible, effect should be given to every sentence, phrase, clause, and word." *Diallo v LaRochelle*, 310 Mich App 411, 418; 871 NW2d 724 (2015) (citation and quotation marks omitted). Consequently, we affirm the trial court's award of defendants' mediation expense as a taxable cost under MCR 2.625(A)(1).

We affirm. As the prevailing party, defendants may tax their costs under MCR 7.219.

/s/Christopher M. Murray
/s/ Jane E. Markey
/s/ Jonathan Tukel