*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NADINE ENTERPRISE, LLC,

        Plaintiff-Appellee,

UNPUBLISHED
February 29, 2024

v

BIRCHCREST MCNICHOLS PROPERTY
HOLDINGS, LLC,

        Defendant-Appellant.

No. 364487
Wayne Circuit Court
LC No. 21-007128-CH

Before: FEENEY, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

In this action for breach of contract and to quiet title, defendant appeals the trial court's final order after a bench trial in which the court ruled that defendant breached the parties' contract, and therefore, quieted title to the subject land in plaintiff. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff's predecessor obtained a loan from Fifth Third Bank for a gas station and secured the loan with a mortgage on the property. Plaintiff defaulted about the time when the loan came due and negotiated with Fifth Third Bank to reduce the amount owed from $360,000 to $290,000. At the same time, plaintiff had a fuel-supply contract with Oakland Fuels. Rather than default to Fifth Third Bank, plaintiff contacted Brent Ford, a principal of Oakland Fuels, and negotiated with him to purchase the mortgage for $290,000. Defendant was created for this purchase. Ford paid the amount owed to Fifth Third Bank which assigned the mortgage to defendant. In exchange for doing that transaction, plaintiff paid Ford $65,000 in cash as part of a down payment, and entered a new 10-year gas supply contract with Oakland Fuels. Plaintiff made regular payments of $3,000 a month to defendant for eight-and-a-half years. Plaintiff paid an additional $35,000 in July 2022. Several years after the assignment, plaintiff claimed it contacted defendant to get the payoff amount to obtain discharge of the mortgage, but defendant ignored the request. Plaintiff filed suit seeking to quiet title to the property, and alleged that defendant breached their contract.

-1-

Neither party disputed that plaintiff owed Fifth Third Bank a remaining balance of approximately $360,000 and Ford paid Fifth Third Bank the negotiated payoff amount of $290,000. The issue before the trial court concerned whether Ford agreed to reduce the amount plaintiff owed from $360,000 to $290,000. Plaintiff stated that Ford agreed to the reduced amount, but Ford denied it. The trial court found that a mutual agreement existed regarding the starting balance owed to defendant, and held that plaintiff fully repaid the loan but defendant failed to discharge the mortgage, defendant breached the contract, entitling plaintiff to a judgment quieting title. This appeal followed.

## II. STANDARD OF REVIEW

We review "de novo questions regarding the interpretation of a contract." *Harper Woods Retirees Ass'n v City of Harper Woods*, 312 Mich App 500, 507; 879 NW2d 897 (2015). "The applicable burden of proof presents a question of law that is reviewed de novo on appeal." *FACE Trading Inc v Dep't of Consumer & Indus Servs*, 270 Mich App 653, 661; 717 NW2d 377 (2006). "This Court reviews for clear error the trial court's factual findings following a bench trial and reviews de novo the trial court's conclusions of law." *Patel v Patel*, 324 Mich App 631, 650; 922 NW2d 647 (2018). "A finding is clearly erroneous where, although there is evidence to support the finding, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made." *Id*. at 650-651 (quotation marks and citation omitted).

## III. ANALYSIS

On appeal, defendant argues the trial court: (1) applied the improper legal standard when evaluating the evidence showing modification of a contract, and (2) made an erroneous factual finding regarding whether the parties initially agreed to the modification. We disagree.

Defendant argues the trial court erred when it applied the preponderance of the evidence standard rather than clear and convincing evidence when it evaluated the claimed contract modification. We disagree.

"At the heart of this inquiry is the freedom to contract." *Quality Prods & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 370; 666 NW2d 251 (2003). "While the freedom to contract principle is served by requiring courts to enforce unambiguous contracts according to their terms, the freedom to contract also permits parties to enter into new contracts or modify their existing agreements." *Id*. at 370-371. However, "[w]here mutual assent does not exist, a contract does not exist." *Id*. at 372. "Simply put, one cannot unilaterally modify a contract because by definition, a unilateral modification lacks mutuality." *Id*. at 373. "The mutuality requirement is satisfied where a modification is established through clear and convincing evidence of a written agreement, oral agreement, or affirmative conduct establishing mutual agreement to waive the terms of the original contract." *Id*. "In meeting this clear and convincing burden, a party advancing amendment must establish that the parties mutually intended to modify the *particular* original contract, including its restrictive amendment clauses such as written modification or anti-waiver clauses." *Id*.

"The clear and convincing evidence standard is the most demanding standard applied in civil cases . . . ." *In re ASF*, 311 Mich App 420, 429; 876 NW2d 253 (2015) (quotation marks and citation omitted; alteration in original). Evidence is clear and convincing when it

produce[s] in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue. [*Id*. (citation omitted; alterations in original).]

Defendant argues that the trial court erred by evaluating the contract's modification using the preponderance of the evidence standard rather than clear and convincing evidence standard. We disagree because the contract was not modified. Instead, the parties entered into a new contract.

Defendant argues that the only evidence presented to support that the parties mutually agreed to reduce the principal balance of the note from $360,000 to $290,000 was Kassam Khalil's testimony, which Ford contradicted. Khalil acted as plaintiff's agent and plaintiff owned the gas station. Defendant contends that an oral modification of the agreement required the trial court to apply the clear and convincing evidence standard when evaluating these statements. Defendant argues that modification based on the unilateral testimony of Khalil did not rise to the level of clear and convincing evidence. Defendant cites to *Quality Prods & Concepts Co*, 469 Mich at 373, to argue that plaintiff bore the burden to establish that the parties mutually intended to modify the original contract. Defendant contends that Khalil's statements that Ford agreed to the modification were the only evidence of mutual modification.

Defendant fails to acknowledge the formation of a new contract between the parties, rather than there being a modification of the preexisting contract with Fifth Third Bank. Defendant's arguments gloss over the fact that defendant paid Fifth Third Bank $290,000 to purchase plaintiff's mortgage loan which resulted in the formation of a new contract between plaintiff and defendant.

"[A] contract requires mutual assent or a meeting of the minds on all the essential terms." *Clark v Al-Amin*, 309 Mich App 387, 394; 872 NW2d 730 (2015) (quotation marks and citation omitted). "A meeting of the minds is judged by an objective standard, looking to the express words of the parties and their visible acts, not their subjective states of mind." *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 454; 733 NW2d 766 (2006) (quotation marks and citation omitted). It was reasonable for the trial court to find the parties entered into a new contract based on defendant's affirmative conduct when it paid Fifth Third Bank $290,000, instead of $360,000. Ford's assertion that he would not have agreed to plaintiff owing defendant $290,000 reflects his subjective state of mind, and is belied by the overt act of paying Fifth Third Bank that amount. This fact was undisputed by either party. Further, the trial court examined the record of plaintiff's payment history and noted the history "starts with a principal balance of $190,000 which is the original $290,000, less the $65,000 paid in cash in 2013 and the 2022 payment of $35,000 plus interest." These overt acts supported the trial court's finding of the existence of a mutual agreement for the new contract. As a result, the trial court applied the correct evidentiary standard.

Defendant argues that the trial court committed clear factual error when it held the parties agreed to modify their contract. We disagree.

"A valid contract requires: (1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Barclae v*

*Zarb*, 300 Mich App 455, 471; 834 NW2d 100 (2013). "In order for there to be an enforceable agreement between the parties, there must be 'mutual assent' to be bound—that is, the parties must have a 'meeting of the minds' on all the essential elements of the agreement." *Huntington Nat'l Bank v Daniel J Aronoff Living Trust*, 305 Mich App 496, 508; 853 NW2d 481 (2014). "Courts judge whether there was a meeting of the minds from objective evidence: from the expressed words of the parties and their visible acts." *Id.* (quotation marks and citation omitted).

Defendant argues that the parties did not mutually agree to a $290,000 starting balance on defendant's loan to plaintiff. Defendant contends that the trial court erred when it found an agreement existed. The trial court stated in its written opinion: "Plaintiff and Defendant agreed the starting balance on the loan to Defendant would be $290,000. *Plaintiff's testimony and Brent Ford's testimony (he did not disagree)*[.]" Plaintiff and defendant admit no signed writing memorialized their contract. Khalil stated plaintiff and defendant agreed to reduce the starting balance, but Ford stated he did not agree. Defendant presumably bases its argument on the trial court's note in the citation which stated: "[Ford] did not disagree."

"Under the principles governing contracts, an acceptance sufficient to create a contract arises where the individual to whom an offer is extended manifests an intent to be bound by the offer, and all legal consequences flowing from the offer, through voluntarily undertaking some unequivocal act sufficient for that purpose." *In re Costs & Attorney Fees*, 250 Mich App 89, 96-97; 645 NW2d 697 (2002) (citation omitted). Here, there was a factual question as to whether plaintiff and defendant subjectively agreed to the starting balance of the amount plaintiff owed defendant. However, neither party disputes that defendant paid Fifth Third Bank $290,000 for the mortgage. The fact defendant made this payment is "affirmative conduct establishing mutual agreement[,]" *Quality Prods & Concepts Co*, 469 Mich at 373, evidencing an "unequivocal act sufficient" for manifesting "an intent to be bound[.]" *In re Costs*, 250 Mich App at 96-97. Regardless of whether Ford subjectively agreed, he acted on behalf of defendant by paying Fifth Third Bank $290,000, which served as the basis for the formation of a new contract between defendant and plaintiff. Further, the conduct of the parties, where plaintiff paid defendant $3,000 a month over multiple years and defendant accepted plaintiff's payments, served as evidence of the formation of a new contract. "A meeting of the minds is judged by an objective standard, looking to the express words of the parties and their visible acts, not their subjective states of mind." *Kloian*, 273 Mich App at 454 (quotation marks and citation omitted). Because the parties acted as though they had a contract, the trial court correctly held the agreement was mutual.

Defendant also argues that the trial court improperly admitted parol evidence to interpret the unambiguous agreement. We disagree.

"The parol evidence rule may be summarized as follows: [p]arol evidence of contract negotiations, or of prior or contemporaneous agreements that contradict or vary the written contract, is not admissible to vary the terms of a contract which is clear and unambiguous." *Blackburne & Brown Mortg Co v Ziomek*, 264 Mich App 615, 627; 692 NW2d 388 (2004) (quotation marks and citation omitted; alteration in original). Here, the original contract between plaintiff and Fifth Third Bank is relevant to the amount plaintiff owed defendant. Once defendant agreed to pay $290,000 for plaintiff's mortgage note, plaintiff and defendant formed a new contract, which is undisputed and was not in writing. Plaintiff's testimony related to the new

contract. Because the parties formed a new contract, not in writing, the trial court did not violate the parol-evidence rule when it admitted Khalil's testimony relating to that agreement.

Affirmed.

/s/ Kathleen A. Feeney
/s/ James Robert Redford
/s/ Christopher P. Yates