*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NEERAJ KRISHANA,

Plaintiff-Appellant,

v

DETROIT LAND BANK AUTHORITY,

Defendant-Appellee.

UNPUBLISHED
October 23, 2024
2:09 PM

No. 369307
Wayne Circuit Court
LC No. 22-014333-CH

Before: GADOLA, C.J., and O'BRIEN and MALDONADO, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's Judgment of Expedited Quiet Title that was entered in favor of defendant. We vacate the trial court's order and remand this case for additional proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

In 2016, plaintiff and defendant entered into a purchase agreement whereby plaintiff agreed to buy a vacant and blighted property from defendant, DLBA. Defendant originally received this property as part of a "blight bundle" of the foreclosed properties. Prior to entering into the purchase agreement, plaintiff was able to review a pre-sale inspection report (PIR) prepared by the Housing Inspection Division of the City of Detroit Building and Safety. The PIR showed that the property was dilapidated and required extensive exterior and interior repairs that required building permits. Defendant agreed to the sell the property for $1,000 on the condition that plaintiff comply with the purchase agreement's terms, mandating renovations to the property. As an assurance of compliance, plaintiff signed a reconveyance deed that would return the property to defendant if plaintiff breached the agreement.

Plaintiff failed to fulfill his contractual obligations and defendant recorded the reconveyance deed in May of 2017 and filed a motion to quiet title. However, the parties agreed to a stipulated order that added deadlines to the existing purchase agreement terms. Additionally, plaintiff issued another reconveyance deed, substantially similar to the first deed, to be kept in escrow as a guarantee for compliance with the stipulated order and the terms of the purchase agreement. Nevertheless, plaintiff appears to have again failed to fulfill his contractual obligation.

-1-

From March 2020 until mid-2021, defendant suspended compliance monitoring due to COVID-19. In 2022, after defendant resumed its monitoring functions and received complaints that the property was occupied by animals, it terminated the contract and recorded the reconveyance deed. That action prompted plaintiff to file a lawsuit seeking to quiet title and obtain declaratory relief. Defendant then filed a counterclaim for expedited quiet title. On November 28, 2023, defendant filed a motion for judgment of expedited quiet title and foreclosure.

When considering defendant's motion for expedited title, the court made the following statement in response to plaintiff's argument regarding his extensive expenditure on the property's repairs:

> Okay. I'm sorry. Here's the thing, though. It's not the amount of money spent. It's the outcome and the other side's obligation to move forward on the motion, given the status of the property.
>
> So it seems that, you know, you're arguing about something where the two sides either have to be able to resolve or the Court just has to make a ruling based on the, you know, *the law and the mandates*. So I don't—it almost looks like a situation where maybe both sides should have tried harder or could still try harder to come up with some solution, but it doesn't look like you're—it looks like you're rationalizing why the situation is what it is, not in making concrete commitment to something that would be able to be accepted by the other side. [Emphasis added.]

The court then allowed the parties to put their additional arguments on the record and then made the following ruling:

> Well, really, I guess the situation and how it is and how it's been for seven years is the real issue. The Court is not gonna get into the weeds on the day of warnings, [sic] what—that's not gonna be decisive in the ruling. Mr. Donovan, you had stated because of the amount of time and because of the situation and how it is you're not gonna work with them.

After allowing defendant to make its final argument, the court—without explaining its reasoning—simply stated: "Okay. Your motion's [sic] granted."

This appeal followed.

## II. ANALYSIS

### A. STANDARDS OF REVIEW

"[T]his Court reviews a trial court's equitable decisions de novo, but the findings of fact supporting an equitable decision are reviewed for clear error." *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 444; 761 NW2d 846 (2008). "A finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *In re Bennett Estate,* 255 Mich App 545, 549; 662 NW2d 772 (2003).

-2-

This Court also reviews de novo questions involving the proper interpretation of a contract and the legal effect of a contractual clause, *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 197; 747 NW2d 811 (2008).

Waiver generally involves a mixed question of fact and law. *Electrolines, Inc v Prudential Assurance Co, Ltd*, 260 Mich App 144, 163; 677 NW2d 874 (2003). "This Court reviews for clear error a trial court's factual determinations regarding a waiver claim, MCR 2.613(C); however, the trial court's ultimate decision concerning whether those facts show a waiver is a question of law reviewed de novo. *Madison Dist Pub. Schools v Myers*, 247 Mich App 583, 588; 637 NW2d 526 (2001).

## B.  ARGUMENTS THE TRIAL COURT DID NOT ADDRESS

The trial court's findings regarding plaintiff's failure to comply with the purchase agreement, which triggered defendant's right to retake the property, were inadequate.

The initial purchase agreement listed the remedies, such as recording of the reconveyance deed and taking immediate possession of the property, that defendant could take if plaintiff breached any of representations during the Survival Period.  The pertinent parts of the stipulated order entered after plaintiff's breach of the agreement in 2017 are substantially similar to the initial agreement.  Defendant argues that it was within its rights to record the reconveyance deed and retake the property because plaintiff failed to comply with the purchase agreement and stipulated order after it had to send plaintiff multiple demands for the updates.

The parties presented contradicting evidence regarding plaintiff's compliance with the agreement, but the court did not make a record of its findings pertaining to plaintiff's breach of the agreement and defendant's right to record the reconveyance deed.  Instead, the court stated only that "it's not the amount of money spent," and that "it's the outcome and the other side's obligation to move forward on the motion, given the status of the property," in reaching its decisions on the disputed contractual breach. Therefore, additional development of the record is needed.

Plaintiff also raised laches as a defense to enforcement of the purchase agreement, but the trial court failed to address this argument.  Laches is an equitable doctrine that that allows a court to deny relief if a party "has not exercised reasonable diligence in vindicating his or her rights" and that lack of diligence causes prejudice that would "render it inequitable to grant relief to a dilatory plaintiff." *Bayberry Group, Inc v Crystal Beach Condo Ass'n*, 334 Mich App 385, 410; 964 NW2d 846 (2020) (quotation marks and citations omitted).  Plaintiff contends that even if he did not comply with his contractual obligation by April of 2019, it is inequitable to enforce the claim against him because the DLBA failed to take any action until after plaintiff made substantial renovations.  The trial court failed to examine the evidence plaintiff put forth regarding the resources he had expended renovating the property, and it failed to decide plaintiff's laches argument.  Therefore, it must do so on remand.

Along similar lines, plaintiff argues that defendant waived enforcement of the 2018 stipulated order by not taking any action for almost four years.  "A waiver consists of the intentional relinquishment or abandonment of a known right." *Patel v Patel*, 324 Mich App 631, 634; 922 NW2d 647 (2018) (quotation marks and citations omitted).  The trial court failed to

address plaintiff's waiver argument. Accordingly, we instruct the trial court to address it on remand.

Finally, plaintiff argued that the equitable doctrines of estoppel and unclean hands should bar enforcement of the agreement. "It is well settled that one who seeks equitable relief must do so with clean hands." *Attorney General v PowerPick Players' Club of Mich, LLC*, 287 Mich App 13, 52; 783 NW2d 515 (2010). The unclean hands doctrine is "a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the [opposing party]." *Rose v Nat'l Auction Group*, 466 Mich 453, 463, 468, 646 NW2d 455 (2002) (quotation marks, citation, and emphasis omitted). In this case both parties accuse each other of having "unclean hands." Once again, however, the trial court failed to address plaintiff's argument of estoppel or unclean hands, so we instruct it to do so on remand.[1]

## III. CONCLUSION

We vacate the trial court's order and remand for additional proceedings. On remand, the trial court shall make factual findings regarding whether plaintiff breached the purchase agreement, and it shall consider plaintiff's equitable arguments. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Colleen A. O'Brien
/s/ Allie Greenleaf Maldonado

---

[1] Plaintiff also raises a cursory notice argument, asserting that "there is nothing in the lower court record to suggest that the DLBA complied with its requirements of notice pursuant to the applicable statutes." Contrary to plaintiff's statement, the record reflects that plaintiff did have notice which gave him an opportunity to contest the motion for Expedited Quiet Title by filing his response. Regardless, plaintiff announced his position without providing any supportive arguments or citations to the record. A party cannot simply announce a position and then leave it to this Court to search for authority to sustain or reject his position. *State Treasurer v Sprague,* 284 Mich App 235, 243; 772 NW2d 452 (2009). Additionally, "It is axiomatic that where a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court." *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999).