*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CATHERINE HACK, Personal Representative of the
ESTATE OF LLOYD LAVERN HACK II,

UNPUBLISHED
October 20, 2025
10:38 AM

Plaintiff-Appellant,

v

No. 369464
Tuscola Circuit Court

LEE PRESTON,

LC No. 2020-031325-NO

Defendant-Appellee.

Before: BOONSTRA, P.J., and LETICA and RICK, JJ.

PER CURIAM.

Plaintiff[1] appeals as of right the trial court's order granting defendant's motion to dismiss pursuant to MCR 2.504(B)(1) (involuntary dismissal for failure to comply with rules or court order). We vacate and remand.

## I. BACKGROUND

Plaintiff filed a negligence claim alleging that he was injured when he assisted defendant, his neighbor, with the inoculation of a cow. Plaintiff asserted that defendant was negligent by inoculating the cow before securing it.

Defendant filed a request for production of documents and interrogatories. Plaintiff failed to respond in a timely manner, and defendant filed a motion to compel discovery. The trial court issued an order compelling discovery. Plaintiff supplied responses to the discovery request two days late. The responses contained executed medical authorizations, including one for his primary care physician. Plaintiff also filed witness and exhibit lists that were timely according to the scheduling order.

---

[1] Original plaintiff Lloyd Lavern Hack II died during the trial court proceedings. For ease of reference, we generally use "plaintiff" in this opinion to refer to him, unless otherwise indicated.

Defendant filed a motion to strike plaintiff's proposed forensic expert witness, J. Tim Potter, Ph.D., on the basis that plaintiff had failed to comply with discovery requests concerning this witness, requesting sanctions including dismissal. Although the court denied the motion, it ordered Dr. Potter be produced for deposition by May 31, 2023. The court also ordered plaintiff to produce a list of all medical providers, including those who provided his Alzheimer's treatment, and to file initial disclosures, which were supposed to have been filed after the first court order compelling discovery. Plaintiff supplied the initial disclosures nearly two years after the court's initial order compelling discovery. Plaintiff also supplied a list of medical providers.

Dr. Potter was scheduled for deposition on May 26, 2023, at 11:00 a.m. On May 24, 2023, defense counsel requested that the deposition begin at 9:30 a.m. or that it be adjourned. Plaintiff's counsel and Dr. Potter were unable to accommodate the requested earlier time so the deposition was adjourned. Thereafter, plaintiff failed to respond to defendant's repeated attempts to reschedule the deposition. Defense counsel eventually subpoenaed Dr. Potter for deposition on September 13, 2023. Plaintiff's counsel responded that Dr. Potter was unavailable on that date and requested that his deposition occur on September 20 and 21, 2023. Defendant responded that he would proceed with the September 13, 2023 deposition, but Dr. Potter and plaintiff's counsel failed to appear.

That same day, defendant filed a second motion to strike plaintiff's expert witness. The court granted defendant's motion on the basis that plaintiff had failed to produce the expert for deposition in a timely manner. During the hearing on the motion, defendant also argued that plaintiff had failed to supply defendant with updated records regarding his Alzheimer's treatment. Plaintiff explained he had no records that included any mention of Alzheimer's and that authorizations for all medical records had been supplied to defendant. The trial court ordered plaintiff to supply any medical records pertaining to Alzheimer's that were in plaintiff counsel's possession.

On the date scheduled for trial, defendant brought an oral motion for involuntary dismissal. Defendant argued the case should be dismissed for ongoing discovery abuses, because plaintiff failed to follow the court's orders, and severely prejudiced defendant's ability to defend the case. The trial court told plaintiff's counsel that he was not complying with the Michigan Court Rules relating to discovery because he had an obligation to supply authorizations for medical records as well as the medical records directly. The trial court also questioned how plaintiff would show the applicable standard of care without an expert witness.

Thereafter, the court entered an order regarding defendant's oral motion to dismiss, stating that "upon further reflection," it would "reserve its decision" on the matter. Instead, the court required defendant to file a written motion to dismiss and allow plaintiff to respond.

Defendant filed his motion and an amended brief, seeking dismissal under MCR 2.313 and MCR 2.504.[2] Defendant further contended that without an expert, plaintiff could not establish a breach of the standard of care. Further, in light of plaintiff's failure to supplement discovery responses and produce updated medical records addressing plaintiff's treatment for Alzheimer's disease, defendant was prejudiced.

Plaintiff answered by explaining that medical authorizations had been repeatedly provided. Plaintiff recognized certain failures, but explained others, and asserted that defendant was not prejudiced.

The trial court subsequently issued an opinion and order dismissing the case. Reviewing the factors from *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995), the trial court determined that there was a concerning pattern of noncompliance and a history of difficulties. The trial court further found that dismissal was a just and proper remedy because of the "seriousness of the violations, the resulting prejudice, and the ineffectiveness of lesser sanctions[.]"

Plaintiff moved for reconsideration. The trial court denied plaintiff's motion, determining that no palpable error occurred because it had "appropriately considered the cumulative impact of Plaintiff's repeated failures in adhering to court orders and timelines."

## II. ANALYSIS

Plaintiff argues that the trial court abused its discretion by dismissing the case because it based its finding that plaintiff had not complied with a court order on an erroneous understanding of MCR 2.314(C)(1). Plaintiff further argues that the trial court also erred in its application of the *Vicencio* factors. We agree that the trial court abused its discretion because the trial court did not properly apply MCR 2.314(C)(1) and this inaccurate application permeated its analysis of the *Vicencio* factors. Accordingly, we vacate and remand to the trial court to determine whether dismissal was warranted under the facts when applying MCR 2.314(C)(1)(d) properly.

A trial court's dismissal of a case for failure to comply with a court order is reviewed for an abuse of discretion. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). Likewise, "[t]his Court reviews a trial court's decision to sanction a party for a discovery violation for an abuse of discretion." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 301; 14 NW3d 472 (2023). "A trial court abuses its discretion when its decision falls outside the range of reasonable outcomes." *Id.* "This Court, however, reviews de novo whether the trial court properly applied the law." *Id.* "When a trial court exercises its discretion under a mistake of law, it necessarily abuses its discretion." *Id.*

Under MCR 2.504(B)(1), when a party fails to comply with the court rules or a court order, upon the opposing party's motion or sua sponte, the court may enter "a dismissal of the

---

[2] Under MCR 2.504(B)(1), "[i]f a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims."

noncomplying party's action or claims." The court rules also permit a trial court to dismiss an action for failure to comply with a discovery order or for failure to supplement discovery. MCR 2.313(B)(2)(c); MCR 2.313(C)(1)(c). "MCR 2.313(B)(2)(c) explicitly authorizes a trial court to enter an order dismissing a proceeding or rendering a judgment by default against a party who fails to obey an order to provide discovery." *Gueye v State Farm Mut Auto Ins Co*, 343 Mich App 473, 489; 997 NW2d 307 (2022) (quotation marks, brackets, and citation omitted). Yet, "[o]ur legal system favors disposition of litigation on the merits." *Vicencio*, 211 Mich App at 507. "Thus, dismissal is considered a drastic step that should be imposed with caution." *Gueye*, 343 Mich App at 489.

"Severe sanctions such as default or dismissal are predicated on a flagrant or wanton refusal to facilitate discovery that typically involves repeated violations of a court order." *Swain v Morse*, 332 Mich App 510, 518; 957 NW2d 396 (2020). Before imposing the severe sanction of dismissal, trial courts should review the following nonexhaustive list of factors:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Gueye*, 343 Mich App at 490, quoting *Vicencio*, 211 Mich App at 507.]

"[T]he trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Gueye*, 343 Mich App at 490 (quotation marks and citation omitted).

In this case, in determining that dismissal was an appropriate sanction, the trial court appears to have relied heavily on its conclusion that plaintiff had an obligation to provide requested medical records to defendant. However, MCR 2.314(C)(1) provides:

> A party who is served with a request for production of medical information under MCR 2.310 must either:
>
> (a) make the information available for inspection and copying as requested;
>
> (b) assert that the information is privileged;
>
> (c) object to the request as permitted by MCR 2.310(C)(2); or
>
> (d) furnish the requesting party with *signed authorizations* in the form approved by the state court administrator sufficient in number to enable the requesting party to obtain the information requested from persons, institutions, hospitals, and other custodians in actual possession of the information requested. [Emphasis added.]

Language contained in a court rule that is clear and unambiguous must be "given its plain meaning and is enforced as written." *Patel v Patel*, 324 Mich App 631, 640; 922 NW2d 647 (2018) (quotation marks and citation omitted).

In addressing defendant's motion to dismiss, the trial court concluded that plaintiff was required to obtain the records and provide them to defendant, and that authorizations did not meet that requirement. However, MCR 2.314(C)(1)(d) specifically allows a party to satisfy its obligation by providing an authorization. Defendant had been in possession of the authorizations for the medical information he was requesting since 2021, and plaintiff's counsel had resubmitted the authorizations in 2023. The trial court's reliance on the supposed failure of plaintiff's counsel to understand his obligation to provide discovery as a primary reason for choosing the sanction of dismissal was an abuse of discretion because it misapplied the court rule. See *Tolas*, 347 Mich App at 301. Indeed, the court appears to have relied heavily on plaintiff's failure to provide his medical records, particularly when evaluating whether plaintiff's violations were willful or accidental, the prejudice to defendant, and whether a lesser sanction would better serve the interests of justice. Therefore, we remand for the trial court to reconsider defendant's motion to dismiss.[3]

Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Anica Letica
/s/ Michelle M. Rick

---

[3] Plaintiff additionally asserts that the court should not have stricken Dr. Potter as an expert witness because defendant canceled the timely scheduled deposition and then failed to accept the offered deposition date. But, plaintiff has provided no authority in support of this assertion. "When a party fails to cite any supporting legal authority for its position, the issue is deemed abandoned." *Traverse City Record-Eagle v Traverse City Area Pub Sch Bd of Ed*, 337 Mich App 281, 296; 975 NW2d 104 (2021) (quotation marks and citation omitted). In any event, we discern no abuse of discretion in the trial court's decision to grant defendant's second motion to strike plaintiff's expert in light of plaintiff's failure to produce him despite defendant's numerous attempts to reschedule the deposition.

Plaintiff further raises an argument that his claim was one of ordinary negligence and that no expert witness was required to testify concerning the standard of care. Yet, plaintiff also recognizes that the trial court did not rule that an expert witness was required to establish the standard of care nor did it dismiss the case on that basis. Rather, the trial court dismissed the action as a sanction for violations of court rules and court orders. Accordingly, we decline to address this issue because it was not the basis of the trial court's decision. *Aguirre v Dep't of Corrections*, 307 Mich App 315, 326; 859 NW2d 267 (2014).